GRIFFIN, Chief Judge.
Donna Stucchio appeals a summary final judgment entered in favor of Leslie R. Huffs-tetler, Jr., one of two defendants below, on her claim for defamation.
Stucchio was a protective investigator for HRS. In October 1995, she was assigned to investigate allegations of child abuse which had been made against Katherine McElroy. McElroy was represented by Huffstetler, the appellee. Stucchio was also assigned to investigate allegations of abuse which had been made against the brother of Brooksville’s Chief of Police, Boyce Tincher. Both cases were to be heard by Judge Richard Tom-brink.
Stucchio claims in her third amended complaint that Chief Tincher and Huffstetler are close personal friends and that they made defamatory statements about her in an attempt to influence the outcome of Chief Tincher’s brother’s case. Two statements are attributed to Huffstetler. Count I of the *289 complaint alleges that on October 17, 1995, Huffstetler told Judge Tombrink during a hearing in chambers (apparently on the McElroy case) that Stuechio was “using illegal drugs now.” This statement was allegedly made in the presence of an HRS employee, David Silverstein. Count III of the complaint alleges that on or about October 19, 1995, Huffstetler told Judge Tombrink, while in the hallway of the courthouse, that Stuechio was “using illegal drugs now and would use illegal drugs in the future.”
The trial court entered an order dismissing the complaint for failure to state a claim against Huffstetler, but this court reversed the order on appeal in its opinion dated April 4, 1997. We held that the court improperly considered matters outside the complaint in granting the dismissal. Inherent in this decision is that the complaint stated a cause of action. See Stucchio v. Huffstetler, 690 So.2d 753 (Fla. 5th DCA 1997). Promptly on remand, Huffstetler moved for summary judgment on Counts I and III of the complaint. There is no answer to the third amended complaint by Huffstetler. The motion, which was not verified, asserted that Huffstetler was entitled to judgment as a matter of law because the statements alleged in the complaint were privileged. Huffstetler filed no affidavit in support of his motion. Stuechio likewise failed to file any affidavit in opposition to Huffstetler’s motion.
The trial court held a hearing on Huffstet-ler’s motion and entered final summary judgment in favor of Huffstetler. The stated basis for entry of judgment in favor of Huffs-, tetter was that Stuechio failed to file' any affidavits in opposition to the motion, and there was no issue of material fact raised by the complaint.
Thus, the question appears to be whether, as a matter of law, Huffstetler was entitled to judgment on both of Stucehio’s claims on the basis of judicial privilege. The privilege is not absolute, but applies only where: (1) the statements involved were made during the course of judicial proceedings; and (2) they were relevant to the subject of inquiry. See Levin, Middlebrooks, Mabie, Thomas, Mayes, & Mitchell, P.A. v. United States Fire Ins. Co., 639 So.2d 606 (Fla.1994). Statements made during the course of judicial proceedings which are irrelevant to the proceedings are entitled to only a “qualified privilege.” See Sussman v. Damian, 355 So.2d 809, 811 (Fla. 3d DCA 1977).
Here, the pleadings fail to conclusively demonstrate that Huffstetler was entitled to the protection of the privilege with respect to either count. In Count I, Stuechio alleges that on October 17, 1995, Huffstetler was before Judge Tombrink on an “unrelated” case and that he told Judge Tombrink while in chambers that Stuechio was “using illegal drugs now.” The statement was alleged to be irrelevant to the proceedings. This court has already found that this count states a claim for slander. Given that the pleadings (and record) fail to demonstrate without dispute that the statement was relevant to the issues before the court, Huffstetler was not entitled to judgment on this claim.
Count III of the complaint similarly alleges that on or about October 19, 1995, Huffs-tetler told Judge Tombrink, while in the hallway of the courthouse, that Stuechio was “using illegal drugs now and would use illegal drugs in the future.” The complaint further alleges that these statements were irrelevant to the issues before the court. Like the statements made in count I, the pleadings (and record) fail to demonstrate the context of the statement or establish the privilege as a matter of law. Thus, the trial court erred in granting final summary judgment in favor of Huffstetler.
REVERSED and REMANDED.
DAUKSCH and W. SHARP, JJ., concur specially, with opinions.